## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 12 B 34265 |
| | ) | Chapter 7 |
| DANIEL J. MCQUAID and | ) | Judge Donald R. Cassling |
| ALICE M. WOOD, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION

David E. Grochocinski, the Chapter 7 trustee (the "Trustee"), has objected to the Debtors'

claim of exemption in a Special Needs Trust funded by insurance proceeds arising from a

disability claim.  Because the Court agrees with the Trustee that the trust does not fall within one

of the Illinois statutory exemptions, the Court sustains the Trustee's objection.

### I.  JURSIDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern District

of Illinois.  It is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II.  BACKGROUND

The Debtors, husband and wife Daniel J. McQuaid and Alice M. Wood, filed a joint

Chapter 7 petition on August 29, 2012.  They listed an interest in the Alice M. Wood Special

Needs Trust (the "Trust") as jointly owned property on Schedule B of their bankruptcy petition.

The Debtors claim an exemption in the Trust under 735 Ill. Rev. Stat. 5/12-1001(g)(3) on

Schedule C of their petition.

Ms. Wood is the beneficiary of the Trust and Mr. McQuaid is the trustee.   The Debtors

testified at their 11 U.S.C. § 341(a) meeting of creditors that the Trust was funded by settlement

proceeds from a lawsuit that Ms. Wood filed against a disability insurer (the "Insurer").[1]  Ms. Wood stated that the lawsuit arose from the Insurer's discontinuance of payments to her for a claim for a brain injury she suffered in 2002.

The Trustee objects to the Debtors' claim of exemption in the Trust on the basis that the Illinois statute does not exempt an actual benefit but rather a debtor's right to receive the benefit. According to the parties, Ms. Wood received the settlement payment from the Insurer in 2009, but the Debtors did not create the Trust until 2012, less than two months before the petition date.

## III. APPLICABLE STANDARDS

Upon the filing of a bankruptcy petition, all of a debtor's pre-petition assets become property of the bankruptcy estate.  11 U.S.C. § 541(a)(1).  Out of that property, a debtor is allowed to claim certain property exempt.  11 U.S.C. § 522(b).  Statutory lists of permissible exemptions are found both in the Bankruptcy Code and under many states' laws, including those of Illinois.  States may opt out of the federal exemption list and apply the state exemption list to their residents.  Illinois has done just that and limits Illinois debtors to those exemptions listed in the Illinois exemption statute.  735 Ill. Rev. Stat. 5/12-1201.  However, the Illinois exemptions generally resemble those that would otherwise be available under § 522(d) of the Code.

Any party in interest has standing to object to a debtor's exemptions.  Fed. R. Bankr. P. 4003(b)(1).  Bankruptcy Rule 4003(c) states that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections."  Fed. R. Bankr. P. 4003(c).  An objecting party's burden of proving that a debtor's exemptions are not properly

---

[1] The initial amount of $190,000 was deposited into the Trust on July 2, 2012. (Trustee Objection, Ex. No. 1.) Two months later, on August 29, 2012, the Debtors reported the value of the Trust at $160,000 on their Schedules.

2

claimed must be established by a preponderance of the evidence. *In re Doyle*, 209 B.R. 897, 900

(Bankr. N.D. Ill. 1997).

The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy.

*In re Wright*, 156 B.R. 549, 554 (Bankr. N.D. Ill. 1992). Therefore, exemption statutes are to be

interpreted liberally in favor of a debtor. *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985). If an

exemption statute can properly be construed in ways that are both favorable and unfavorable to a

debtor, the favorable interpretation should be applied. *Id.*

The Debtors have claimed the Trust exempt under 735 Ill. Rev. Stat. 5/12-1001(g)(3)

which provides:

> Personal property exempt. The following personal property, owned
> by the debtor, is exempt from judgment, attachment, or distress for
> rent:
>     (g) the debtor's right to receive:
>         (3) a disability, illness or unemployment benefit[.]

735 Ill. Rev. Stat. 5/12-1001(g)(3).

## IV. DISCUSSION

The Debtors argue that, because the funds in the Trust originated as proceeds from a

disability insurance claim, their ultimate purpose was to pay for "a disability" or "illness" within

the meaning of the Illinois statute. According to the Debtors, the fact that those insurance

proceeds funded a trust which gave the trustee the discretion to provide for the "health, support

and welfare" of the beneficiary[2] should not matter in determining whether the Illinois exemption

has been satisfied.

The Court rejects this argument as contrary to the plain language of the Illinois statute,

Illinois case-law applying that statute, and the language of the Trust the Debtors created.

---

[2] The Trust states that the trustee shall distribute to Ms. Wood "as much of the net income and principal of the trust,
even to the extent of exhausting the principal, as the Trustee determines from time to time to be necessary for [Ms.
Wood's] health, support, and welfare." (Trustee Objection, Ex. No. 1.)

By its plain terms, § 12-1001(g)(3) exempts only the "*right to receive . . .* a disability, illness or unemployment benefit." *Id.* (emphasis added). Illinois courts interpreting this statute have focused on the language that exempts the "right to receive" the benefit rather than the benefit itself.[3] *See In re Marriage of Pope-Clifton*, 823 N.E.2d 607, 609 (Ill. App. Ct. 2005) (holding that funds in an account that were traceable to disability benefits paid by the Veterans' Administration were not exempt under § 12-1001(g)(3) because that statute protects only the "right to receive" such benefits); *Fayette County Hosp. v. Reavis*, 523 N.E.2d 693, 695 (Ill. App. Ct. 1988) (stating that funds traceable to social security benefits are not exempt under § 12-1001(g) because the statute refers to the "right to receive" but excludes language referencing property traceable to social security benefits).

Moreover, a comparison of § 12-1001(g) to other Illinois exemptions demonstrates that the Illinois legislature explicitly draws a statutory distinction between benefits yet to be received and funds traceable to benefits already received. For example, § 12-1001(h), which deals with wrongful death and personal injury awards, crime-victims' reparation payments, and certain life-insurance payments, explicitly divides benefits yet to be received into a separate category of exempt property from funds traceable to benefits already received and treats those benefits differently from each other:

> (h) The debtor's *right to receive, or* property that is *traceable to*:
> (1) an award under a crime victim's reparation law;

---

[3]Although not controlling here, § 522(d) of the Bankruptcy Code, the statute that governs federal exemptions, contains provisions similar to those found in the Illinois statute. The legislative history of § 522(d)(10)(C), which contains language identical to § 12-1001(g)(3), states in pertinent part that the federal provision was intended to exempt "certain benefits that are *akin to future earnings of the debtor.*" H.R. Rep. No. 95-595, at 362 (1977), *reprinted* in 1978 U.S.C.C.A.N. 5787, 6318 (emphasis added). Because Ms. Wood has already received the disability benefits from the insurance company and deposited them in the Trust, there is nothing "akin to future earnings of the debtor" in this case. Thus, were the federal exemptions controlling here instead of the Illinois exemptions, the analysis would be the same.

(2) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor;

(3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor;

(4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent; and

(5) any restitution payments made to persons pursuant to the federal Civil Liberties Act of 1988 and the Aleutian and Pribilof Island Restitution Act, P.L. 100-383.

For purposes of this subsection (h), *a debtor's right to receive an award or payment shall be exempt for a maximum of 2 years* after the debtor's right to receive the award or payment accrues; *property traceable to an award or payment shall be exempt for a maximum of 5 years* after the award or payment accrues; and an award or payment and property traceable to an award or payment shall be exempt only to the extent of the amount of the award or payment, without interest or appreciation from the date of the award or payment.

735 Ill. Rev. Stat. 5/12-1001(h) (footnotes omitted) (emphasis supplied).

Notably, § 12-1001(g)(3) lacks the "traceable to" language of § 12-1001(h) and, by implication, therefore, does not include within its reach funds traceable to disability benefits already received: "Because the Illinois legislature crafted different exemption language for different types of benefit[s] and payments, it is presumed that the legislature meant what it said and meant to exempt the right to receive disability benefits rather than the actual receipt or traceable proceeds of such benefits." *In re Bowen*, 458 B.R. 918, 923 (Bankr. C.D. Ill. 2011).

Finally, the language of the Trust itself removes it from the scope of § 12-1001(g)(3). As discussed above, Ms. Wood had already received one-hundred percent of her disability benefit pre-petition when her lawsuit against the insurance company was settled in 2009, three years before the Debtors filed their bankruptcy petition. In 2012, two months before filing their

petition, the Debtors elected to deposit those funds into the Trust that granted the trustee unfettered discretion to make any distributions he determined to be necessary for Ms. Wood's "health, support, and welfare," not just expenses related to her brain injury. Consequently, the funds that the Debtors now seek to exempt ceased to be even arguably a simple "disability" or "illness" benefit. This places the Trust funds outside the parameters of § 12-1001(g)(3).

In short, while it is undisputed that the funds in the Trust are traceable to a disability payment that the Insurer paid to Ms. Wood prior to the petition date, the Illinois statute applicable to this transaction does not permit the Debtors to trace those funds and thereby exempt them. Instead, the statute protects only the Debtors' "right to receive" a disability benefit. The Debtors are therefore not able to claim the proceeds of the Trust as exempt assets under § 12-1001(g)(3). The Trustee's objection to the Debtors' exemption claim is sustained.

## V. CONCLUSION

For the reasons stated above, the Court sustains the Trustee's objection to the Debtors' claim of exemption in the Trust.

ENTERED:

DATE: _5/16/13_

Donald R. Cassling
United States Bankruptcy Judge

6