**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| DANIEL J. MCQUAID and | ) | CASE NO. 12-34265 |
| | ) | |
| ALICE M. WOOD, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtors. | ) | Hearing Date: April 4, 2014 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Kane Courthouse, |
| | ) | 100 S 3rd Street, Courtroom 240, |
| | ) | Geneva, Illinois 60134 |

**NOTICE OF FILING OBJECTION TO TRUSTEE'S FINAL REPORT**

To: THE PERSONS ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on March 20, 2014, undersigned counsel caused to be filed an Objection to the Trustee's Final Report in the above captioned Chapter 7 case, a copy of which is attached hereto and which is hereby served upon you.

                                                /s/    William J. Connelly            .

William J. Connelly (ARDC#6185201)
Hinshaw & Culbertson LLP
222. N. LaSalle Street
Suite 300
Chicago, Illinois 60601
Phone: (312) 704-3000
Fax; (312) 704-3001
wconnelly@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I, William J. Connelly, an attorney, hereby certify that on or before the hour of 4:00 p.m. on March 20, 2014, I caused a true and correct copy of the foregoing *Objection to the Trustee's Final Report* to be filed electronically with the Court and served upon the following parties by the manner listed hereinbelow.

                         /s/ William J. Connelly .

## SERVICE LIST

| | | |
|---|---|---|
| John J. Lynch | (ECF/ECM System) | jjlynch@jjlynchlaw.com |
| Whitman H. Brisky | (ECF/ECM System) | wbrisky@mauckbaker.com |
| David E. Grochocinski | (ECF/ECM System) | dgrochocinski@innovalaw.com |
| Patrick S. Layng | (ECF/ECM System) | USTPRegion11.ES.ECF@usdoj.gov |
| Kathleen M. McGuire | (ECF/ECM System) | kmcguire@innovalaw.com |
| John H Redfield | (ECF/ECM System) | jredfield@craneheyman.com |
| Donna Rizzuto | (ECF/ECM System) | drizzuto@howardandhoward.com |

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=

Via U.S. Postal Service – First Class Postage Pre-Paid:

Daniel J McQuaid
Alice M Wood
623 Melody Lane
Naperville, IL 60540-6618

American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

BMO Harris Bank N.A.
Howard & Howard Attorneys PLLC
c/o Donna Rizzuto
200 South Michigan Ave. Ste 1100
Chicago, IL 60604-2461

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

Citi
P.O. Box 6241
Sioux Falls, SD 57117-6241

Citibank
P.O. Box 22828
Rochester, NY 14692-2828

Glelsi/Us Bank
P.O. Box 7860
Madison, WI 53707-7860

Gmac Mortgage
P.O. Box 4622
Waterloo, IA 50704-4622

Old Second National Bank
37 S River St.
Aurora, IL 60506-4172

Portfolio Recovery Associates LLC
P. O. BOX 41067
NORFOLK VA 23541-1067

US BANK
P.O. BOX 5229
CINCINNATI OH 45201-5229

Verizon Wireless
P.O. Box 25506
Lehigh Valley, PA 18002

eCAST Settlement Corporation
as assignee, of Chase Bank USA, N.A.
P.O. Box 29262,
New York, NY 10087-9262

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| DANIEL J. MCQUAID and | ) | CASE NO. 12-34265 |
| | ) | |
| ALICE M. WOOD, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtors. | ) | Hearing Date: April 4, 2014 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Kane Courthouse, |
| | ) | 100 S 3rd Street, Courtroom 240, |
| | ) | Geneva, Illinois 60134 |

### OBJECTION TO TRUSTEE'S FINAL REPORT

NOW COMES, Alice M. Wood by and through her counsel, Matthew R. Henderson, William J. Connelly and the law firm of Hinshaw & Culbertson LLP and as and for its Objection to the Trustee's Final Report states as follows:

1. Alice M. Wood ("Debtor") filed her voluntary Petition for Relief ("Petition") under Chapter 7 of the United States Bankruptcy Code (the "Code") on August 29, 2012 (the "Petition Date").

2. Subsequent to the Petition Date, David E Grochocinski (the "Trustee"), was appointed and became the Chapter 7 Trustee of and for the above captioned Debtors' Bankruptcy Estate.

3. On October 2, 2012, an entity known as Young America's Foundation ("YAF") filed a motion seeking relief from the automatic stay (the "First YAF §362 Motion").

4. On November 2, 2012 this Court signed an Order denying the YAF §362 Motion for want of prosecution and that Order was entered on November 11, 2012.

5. On November 9, 2012, YAF filed a Motion seeking to vacate the Court's Order of November 2, 2012 and obtain relief from the automatic stay (the "Second YAF §362 Motion").

6. On November 16, 2012, this Court signed an Order granting the Second YAF §362 Motion, vacating the November 2, 2012 Order and granting the relief from stay sought by YAF, but only to the extent of proceeds of the Debtor's professional liability insurance policy. That Order was entered on November 20, 2012.

7. As stated in both the First YAF §362 Motion and the Second YAF §362 Motion, YAF sought relief from stay in connection with a legal malpractice case it had brought against the Debtor in the Illinois state court (the "State Court Litigation"), pre-petition, and which had initially been dismissed, then re-filed, and then dismissed again, resulting in the dismissal of the re-filed case being appealed by YAF.

8. The §362 Motions filed by YAF sought relief from the stay so as to prosecute the State Court Litigation following the second dismissal of the YAF complaint against the Debtor.

9. The Illinois Second District Appellate Court reversed the dismissal of YAF's re-filed legal malpractice case, remanded the matter to the Circuit Court of DuPage County, and the parties are presently conducting discovery. Importantly, there has never been any finding by any court that Debtor was negligent or would otherwise be liable to YAF for damages in any amount.

10. On or about January 9, 2013, the Trustee filed his "Initial Report of Assets" with respect to the above captioned Debtors' Bankruptcy Estate.

11. Subsequent to the Trustee filing his "Initial Report of Assets", a Notice regarding same was issued and served, said Notice informing scheduled creditors that April 12, 2013 was

set as the Bar Date for filing Proofs of Claim (the "Claims Bar Date") for non-governmental creditors of the Debtor.

12. On January 29, 2013, YAF filed a Proof of Claim (the "YAF Proof of Claim") in which it asserted that it was a creditor of the Debtor and was owed $2,500,000.00 by this Estate. A true and correct copy of the YAF Proof of Claim, as filed and as appearing in the Claims Register maintained by the Clerk of this Court, is attached hereto and is incorporated herein as Exhibit "A".

13. The YAF Proof of Claim, as filed and as appearing in the Claims Register maintained by the Clerk of this Court, is devoid of any exhibits or other documentary evidence to support that YAF is in fact owed $2,500,000.00. In fact, it is devoid of any documentation other than the Proof of Claim form itself.

14. At the time the YAF Proof of Claim was filed, its claim was contingent and, was, at best, speculative and dependent upon the entry of a final judgment in the lawsuit, an event which has not yet occurred and which may well never occur.

15. At the time the Trustee filed his Final Report, the YAF claim against this Debtor remained contingent and was, at best, speculative and dependent upon the entry of a final judgment in the lawsuit, an event which has not yet occurred and which may well never occur.

16. Despite the fact that the YAF claim against this Estate remains contingent and unproven, despite the fact that the Debtor continues to vigorously defend the legal malpractice case, and despite the fact that the YAF Proof of Claim is devoid of any documentation to the contrary, the Trustee's Final Report treats the YAF claim as allowed and proposes to disburse more than $55,000 to YAF on the basis of that contingent claim.

17. The disbursement of more than $55,000 to YAF is inappropriate and unwarranted at this time. The contingent and speculative nature of the YAF claim against this Estate has been of record since October of 2012.

18. In the event that a final judgment is entered in favor of YAF and against the Debtor in the state court lawsuit, YAF will not be entitled to any disbursement of funds from this Estate because the stay was lifted only to the extent of insurance proceeds.

19. However, In the event that a final judgment is entered in favor of the Debtor and against YAF in the state court lawsuit, but YAF has already received a disbursement of $55,000 from this Estate to which YAF would not have been entitled, the other creditors of this Estate will have been irreparably harmed.

20. It is in the best interests of this Estate and the creditors thereof that the Trustee's Final Report be withdrawn or held in abeyance pending the entry of a final judgment in the litigation between YAF and the Debtor.

WHEREFORE, Alice M. Wood objects to the Trustee's Final Report and prays this Court for the entry of an Order compelling that same be withdrawn or, in the alternative, be held in abeyance until such time as the there is a final judgment entered in the litigation upon which the YAF claim is asserted.

Respectfully submitted,

/s/   William J. Connelly   .

William J. Connelly (ARDC#6185201)
Hinshaw & Culbertson LLP
222. N. LaSalle Street - Suite 300
Chicago, Illinois 60601
Phone: (312) 704-3000
Fax; (312) 704-3001
wconnelly@hinshawlaw.com

130772468v1 0920947