# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Daniel J. McQuaid and Alice M. Wood, | ) | Bankruptcy No. 12-34265 |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:  See Attached Service List

**PLEASE TAKE NOTICE** that on **December 19, 2014,** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other judge sitting in his place and stead in Courtroom 240 of the Kane County Courthouse, 100 South Third, Geneva, Illinois, and shall then and there present the attached **Application of InnovaLaw, P.C. for Final Allowance of Compensation and Reimbursement of Expenses as Counsel for Trustee David E. Grochocinski**, a copy of which is hereby served upon you.

> Kathleen M. McGuire
> InnovaLaw, P.C.
> 15020 S. Ravinia Ave. Suite 29
> Orland Park IL  60462
> Tel. (708) 675-1975
> Fax:  (708) 675-1786

## CERTIFICATE OF SERVICE

I, Kathleen M. McGuire, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice through the CM/ECF filing system, or by first class mail by depositing same with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 24th day of November, 2014.

> /s/ Kathleen M. McGuire

**In re – McQuaid/Wood, 12-34265**
**<u>Service List</u>**

<u>Service through the CM/ECF filing system:</u>

Office of the United States Trustee: USTPRegion11.ES.ECF@usdoj.gov
Whitman H. Brisky: wbrisky@mauckbaker.com,WHBCourt@mauckbaker.com, raguilan@mauckbaker.com
William J. Connelly: wconnelly@hinshawlaw.com
Gina B. Krol: gkrol@cohenandkrol.com, gkrol@edf.epiqsystems.com, pmchugh@cohenandkrol.com, jneiman@cohenandkrol.com
John J. Lynch: jlynch@lynch4law.com, rlynch@jjlynchlaw.com, breilly@lynch4law.com
John H. Redfield: jredfield@craneheyman.com, mjoberhausen@craneheyman.com
Donna Rizzuto: drizzuto@howardandhoward.com, kperez@howardandhoward.com
L. Judson Todhunter: JTodhunter@howardandhoward.com


<u>Service by U.S. Mail:</u>

Daniel J. McQuaid
623 Melody Lane
Naperville, IL  60540

Alice M. Wood
623 Melody Lane
Naperville, IL  60540

Old Second National Bank
37 S. River St.
Aurora, IL  60506

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Daniel J. McQuaid and Alice M. Wood, | ) | Bankruptcy No. 12-34265 |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Judge Donald R. Cassling |

## COVER SHEET FOR APPLICATION FOR FINAL
## ALLOWANCE OF PROFESSIONAL COMPENSATION

Name of Applicant:   InnovaLaw, P.C.

Authorized to Provide
Professional Services to:   David E. Grochocinski, as initial trustee for the chapter 7 estate of Daniel J. McQuaid and Alice M. Wood

Date of Order
Authorizing Employment:   November 9, 2012, effective October 1, 2012

Period for Which
Compensation Is Sought:   October 18, 2012 through September 17, 2013

Amount of Fees Sought:   $9,312.50

Amount of Expense
Reimbursement Sought:   $25.52

This is an        Interim Application ____        Final Application __X__

If this is <u>not</u> the first application filed herein by this professional, disclose all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None. | | | | None. |

Date: November 24, 2014                             By: __/s/ Kathleen M. McGuire

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Daniel J. McQuaid and Alice M. Wood, ) | Bankruptcy No. 12-34265 |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | Judge Donald R. Cassling |

**APPLICATION OF INNOVALAW, P.C. FOR FINAL ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR
TRUSTEE DAVID E. GROCHOCINSKI**

Now comes Kathleen M. McGuire and InnovaLaw, P.C. (collectively, the "Applicant"), counsel for David E. Grochocinski, the initial chapter 7 trustee (the "Initial Trustee") of the bankruptcy estate (the "Estate") of Debtors Daniel J. McQuaid and Alice M. Wood. (the "Debtors"), and pursuant to 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016, submits this First and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for professional services rendered as attorneys to the Initial Trustee.

**Background**

1.  On August 29, 2012, the Debtors commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.  On November 9, 2012, the Court entered an order authorizing the retention of Applicant as attorneys for the Initial Trustee, effective October 1, 2012 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

3.  On April 16, 2014, the Initial Trustee resigned and Gina B. Krol was appointed successor trustee (the "Successor Trustee").

4.  Before the Initial Trustee's resignation, Applicant expended substantial time and

resources in rendering legal services to the Initial Trustee.

5. On March 3, 2014, the Initial Trustee filed a final report in the case (the "Initial TFR"), as well as a motion for approval of the fees in this Application.

6. The Initial TFR and related fee applications were withdrawn after the Debtor objected to the allowance of a claim by Young America's Foundation ("YAF") on the basis that YAF's claim is contingent and dependent upon entry of a judgment in YAF's favor in ongoing malpractice litigation in the Circuit Court of DuPage County, Illinois (the "State Court Litigation").

7. If judgment is entered against YAF in the State Court Litigation, YAF's claim in this bankruptcy case will likely be disallowed in full, and the distribution to creditors in the Initial TFR will be substantially changed.

8. The bankruptcy Estate holds funds recovered from the Debtor in a settlement of the Trustee's objection to a claim of exemption in a special needs trust. After the Debtor filed an appeal from the Court's orders sustaining the objection and denying her motion for reconsideration, the Trustee and the Debtor reached a settlement that provided for a voluntary dismissal of the appeal and a turnover of a percentage of funds held by the special needs trust.

9. The resolution of the Debtor's objection to YAF's claim likely will not have a significant impact on the amount of funds held by the bankruptcy Estate.

10. This is Applicant's first and final request for compensation as attorneys for the Initial Trustee. Applicant has not previously received any compensation in this case.

### Services Rendered and Amount Requested

6. Between October 18, 2012 and September 17, 2013 (the "Application Period"), Applicant expended 25.8 hours of time in providing services to the Interim Trustee. Applicant requests total compensation of $9,312.50 for its services at its customary billing rates as follows:

| Attorney or Paralegal | Hours | Total |
|---|---:|---:|
| David E. Grochocinski (DEG) | 1.9 | $855.00 |
| Kathleen M. McGuire (KMM) | 21.5 | $8,277.50 |
| Gricel Gonzalez (GG) | 2.4 | $180.00 |
| Total: | 25.8 | $9,312.50 |

7. The legal services provided by Applicant were in the following category:

(i). <u>General Administration</u>: Applicant expended 3.1 hours in connection with the administration of the estate. Work in this category included the preparation and presentation of motions to employ professionals and time expended in investigation and discussions concerning the allowance of a late-filed claim by BMO Harris Bank.

| Attorney | Hours | Rate | Total |
|---|---:|---:|---:|
| GG | 2.4 | $75.00 | $180.00 |
| KMM | 0.7 | $385.00 | $269.50 |
| Total: | 3.1 | | $449.50 |

(ii). <u>Objection to Exemption of Interest in Alice M. Wood Special Needs Trust and Motion for Turnover</u>: In the Debtors' joint bankruptcy petition, Debtor Alice M. Wood asserted that her interest in a trust funded by a settlement of a personal injury lawsuit was exempt as a right to receive disability payments. Applicant expended 16.2 hours in legal research and preparation of an objection to the asserted exemption and a motion for turnover of funds held by the trust, as well as briefs on those motions. Time was also expended in obtaining an order prohibiting the expenditure of funds by the trust pending resolution of Ms. Wood's entitlement to an exemption. After the parties reached a settlement, Applicant prepared and presented a motion for approval of the settlement.

| Attorney | Hours | Rate | Total |
|---|---:|---:|---:|
| KMM | 14.3 | $385.00 | $5,505.50 |
| DEG | 1.9 | $450.00 | $855.00 |
| Total: | 16.2 | | $6,360.50 |

(iii). <u>Response to Motion for Reconsideration and Appeal</u>: Applicant expended 6.5 hours in responding to Ms. Wood's motion for reconsideration of the Court's orders, and in negotiation of an agreed dismissal of Ms. Wood's appeal to the District Court.

| Attorney | Hours | Rate | Total |
|---|---:|---:|---:|
| KMM | 6.5 | $385.00 | $2,502.50 |
| Total: | 6.5 | | $2,502.50 |

8. A detailed summary of Applicant's services during the Application Period and related charges for those services is attached hereto as Exhibit B.

9. All fees for which allowance is sought were incurred in connection with Applicant's representation of the Initial Trustee and were reasonable and necessary to effectively assist the Initial Trustee in the administration of the Debtor's estate.

10. <u>Expenses</u>.  Attached to this application as Exhibit C is an itemized statement of the actual and necessary expenses incurred by Applicant during the Application Period, and for which reimbursement is sought.  Those expenses, which total $25.52, were actually and necessarily incurred in order to assist the Initial Trustee in his administration of the Estate.

11. Applicant seeks allowance of its fees and expenses as a chapter 7 administrative expense under 11 U.S.C. § 503(b), payable as funds are available to do so in the discretion of the Successor Trustee.

### Other Disclosures under Fed. R. Bankr. P. 2016

12. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to the matters on which Applicant was employed.

13. No agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, other than compensation that has been or will be approved by the Court upon the applications of other professionals employed to represent the Initial Trustee in this case.

### InnovaLaw, P.C. Biographical Information

David E. Grochocinski was appointed to the private panel of bankruptcy trustees for the Northern District of Illinois in 1984, and he served in that capacity until his resignation in April

2014.  Besides serving as a panel trustee, Mr. Grochocinski had extensive experience in representing other trustees, debtors and creditors in consumer and commercial bankruptcies, and in non–bankruptcy workouts.  Mr. Grochocinski graduated with honors from John Marshall Law School in 1976, and he was admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.  Mr. Grochocinski was also a member of the Northern District of Illinois Trial Bar.

   Kathleen M. McGuire graduated with honors from IIT Chicago-Kent College of Law in 1988, and she has practiced exclusively in the fields of bankruptcy and federal civil litigation since that time.   Ms. McGuire is admitted to practice in the State of Illinois and the United State District Courts for the Northern and Central Districts of Illinois, as well as the Trial Bar of the Northern District of Illinois.   Between 1988 and 2004, Ms. McGuire served as a law clerk to a number of judges in the Bankruptcy Court and District Court.   In private practice, she has represented chapter 7 trustees, debtors and creditors in a wide variety of matters in the Bankruptcy Court and in appeals to the District Court.  Before receiving her law degree, Ms. McGuire practiced as a certified public accountant.

   Gricel Gonzalez was a paralegal with InnovaLaw, P.C.  Ms. Gonzalez holds a degree in paralegal studies and has substantial training and experience in bankruptcy matters.

**Conclusion**

For the reasons above, Kathleen M. McGuire and InnovaLaw, P.C. request that the Court enter an order allowing a final award of professional compensation in the amount of $9,312.50 and reimbursement of expenses of $57.16, payable as an administrative expense under 11 U.S.C. § 503(b) as funds are available to do so in the discretion of the Successor Trustee.

                    Respectfully submitted,
                    InnovaLaw, P.C.

                    By: /s/ Kathleen M. McGuire
                          One of the attorneys for Initial Trustee
                          David E. Grochocinski

Kathleen M. McGuire
InnovaLaw, P.C.
15020 S. Ravinia Ave. Suite 29
Orland Park, IL  60462
Tel: (708) 675-1975
Fax: (708) 675-1786